IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

STEPHEN RILEY,

      Plaintiff,

v.

TULSA COUNTY JUVENILE BUREAU,
EX REL TULSA COUNTY BOARD OF
COUNTY COMMISSIONERS,

      Defendant.

Case No. 08-CV-195-JHP-FHM

## ORDER AND OPINION

Before the Court is the Motion for Summary Judgment of Defendant Tulsa County Juvenile Bureau. Defendant seeks a ruling that, as a matter of law, Plaintiff Stephen Riley's claims are barred because he failed to timely exhaust his administrative remedies. Additionally, Defendant seeks a ruling that Plaintiff is unable to establish that he was discriminated or retaliated against under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). Upon review of the undisputed facts, the pleadings, Defendant's Motion for Summary Judgment, and the applicable law, for the reasons stated herein, Defendant's Motion is granted in its entirety.

## Background

Plaintiff Stephen Riley is an African-American. Plaintiff was initially employed by Defendant Tulsa County Juvenile Bureau as a Residential Counselor at Lakeside, then as a Probation Counselor. (Def.'s Facts ¶¶ 1-2.[1]) As Probation Counselor, Plaintiff received many

---

[1] Plaintiff did not dispute any of Defendant's Statement of Facts. Thus, under LCvR 56.1(c), the Facts set forth by Defendant in its Motion for Summary Judgment are deemed admitted.

performance reprimands from all of his supervisors. These performance reprimands generally related to an April 2003 incident with Assistant Public Defender Marsha Rogers (who was not an employee of Defendant), attendance issues and violation of leave policies, and failure to submit complete service reports on the juveniles to the courts in advance of court hearings. (Def.'s Facts ¶ 5 subparts (a)-(j).) After repeated warnings, Plaintiff's performance still failed to improve and he still had attendance and case management problems. (Def.'s Facts ¶ 6.) Thus, on January 3, 2007, Plaintiff was given the option to resign, and he did so. (Def.'s Facts ¶ 7.)

In January 2007, Plaintiff went to the Oklahoma Human Rights Commission ("OHRC") and picked up an intake form. (Def.'s Facts ¶ 9.) However, Plaintiff did not complete and submit the intake form (or anything else) to the OHRC or the Equal Employment Opportunity Commission ("EEOC") until either November 6 or 7, 2007 — more than 300 days after January 3, 2007, the day his employment ended. On November 6 or 7, 2007, Plaintiff submitted the intake questionnaire, along with forty-eight (48) additional pages that he typed regarding his claims, to the EEOC. (Def.'s Facts ¶¶ 10-11.) Plaintiff filed a Charge of Discrimination with the EEOC on December 31, 2007. (Def.'s Facts ¶ 12.) The EEOC issued a Notice of Rights letter on January 8, 2007, stating that "Your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (Def.'s Facts ¶ 15.) Plaintiff filed an Amended Charge of Discrimination with the EEOC on January 24, 2008. (Def.'s Facts ¶ 16.) The EEOC issued a second Notice of Rights letter on January 28, 2007, again finding that Plaintiff's charge was not timely filed. (Def.'s Facts ¶ 17.)

Plaintiff initially filed this case against Defendant, along with certain individually-named defendants. All defendants filed motions to dismiss, alleging that Plaintiff's claims should be dismissed because he failed to timely exhaust his administrative remedies. The individual

defendants also sought dismissal on the basis that there is no individual liability under Title VII or the ADEA. In response, Plaintiff filed an Amended Complaint, dismissing the individual defendants and proceeding against Defendant Tulsa County Juvenile Bureau. Plaintiff also responded to Defendant's argument that he did not exhaust his administrative remedies by stating that he would provide another copy of the "critical document." Because Defendant, in support of its Motion to Dismiss, used certain evidentiary materials which Plaintiff filed with his complaint, the Court converted the Motion to Dismiss into a Motion for Summary Judgment. (*See* Order dated August 11, 2009, Docket No. 33; Fed. R. Civ. P. 12(b).) The Court permitted the parties to submit additional briefing and evidentiary materials, but neither party submitted additional documentation.

The Court held a hearing on Defendant's converted Motion for Summary Judgment on October 1, 2009. At that time, Plaintiff stated that he had filed a document with the OHRC on January 17, 2007, but did not have the document with him. Accordingly, the Court directed Plaintiff to submit documentation showing that he had timely filed his administrative charge. Plaintiff submitted additional documentation, but the additional documentation did not establish that Plaintiff filed any documents with the EEOC or OHRC within 300 days of January 3, 2007. Defendant filed its response to the additional documents submitted by Plaintiff.

Subsequent to that briefing, Plaintiff testified in his deposition taken by the Defendant that he did not submit anything to the OHRC or the EEOC until November 6 or 7, 2007. (Def.'s Facts ¶¶ 10-11, Ex. A Plaintiff's Deposition at pp. 164-82, 197-98, 202-03.) In response, Defendant filed a second Motion for Summary Judgment, arguing that it is entitled to judgment as a matter of law and that Plaintiff's claims are barred because he failed to timely exhaust his administrative remedies. Further, Defendant argued that, even had Plaintiff timely filed an

administrative charge, it would still be entitled to judgment as a matter of law on Plaintiff's claims. Plaintiff did not respond to this Motion for Summary Judgment. It is this second Motion for Summary Judgment that is presently at issue.

Plaintiff alleges in this action that he was discriminated against on eight separate occasions on the basis of his race and age. Specifically, Plaintiff's eight discrimination allegations are as follows: (1) May 14, 2004 — unfair and racially biased performance evaluation when he only received a 3% raise; (2) July 13, 2006 — unfair reprimand for missing service reports; (3) October 17, 2006 — denial of the ability to use his compensatory time; (4) November 17, 2006 — "very harsh verbal reprimand" for having a baby shower for a Native American female client at the office; (5) December 15, 2006 — denial of the ability to use vacation time without additional approval; (6) January 3, 2007 — termination of his employment; (7) January 3, 2007 — on going verbal harassment by Assistant Public Defender Marsha Rogers; and (8) January 26, 2007 — false statement allegedly made by a representative of Defendant to the Oklahoma Employment Security Commission ("OESC"). (Plaintiff's Amended Complaint ¶ 4(a)-(*l*).) Plaintiff also alleges that Defendant retaliated against him on January 29, 2007 when Defendant's Assistant Director Shon Harold refused to sign off on an original mileage reimbursement form that he submitted and had him resubmit it on the proper form. (Plaintiff's Amended Complaint ¶ 4(m).)

Plaintiff failed to respond to Defendant's Motion for Summary Judgment and has not proffered any evidence that any of these above referenced actions support either a discrimination or retaliation claim. Essentially, Plaintiff attempts to support his claims that he was discriminated against based on his uncorroborated assertion that other employees were able to carry guns, break and enter houses, engage in extramarital affairs, and lie to the OESC without

their employment being terminated, and, from those assertions, he claims he believes his employment must have ended because of his race or his age (44 years old at the time). Plaintiff provided no evidentiary support for these allegations, nor does he provide evidence that would create a question of fact. Instead, Plaintiff relies almost exclusively on his own subjective beliefs based on inadmissible hearsay.

## Discussion

Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To survive summary judgment, a plaintiff may not rely on mere allegations or denials in his pleadings; he must affirmatively prove specific facts, supported by admissible evidence, sufficient to raise a genuine issue of material fact. *Id.* An issue is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

In ruling on a motion for summary judgment, the Court examines the factual record "and draw[s] reasonable inferences therefrom in the light most favorable to the non-moving party." *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir 1999); *see also Liberty Lobby*, 477 U.S. at 255. The Court also interprets the rule in such a way as "to isolate and dispose of factually unsupportable claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

"Although '[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991)), pro se parties must follow the same rules of procedure that govern other litigants. *Id.* (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Before bringing actions in federal court, Title VII and ADEA plaintiffs must first timely file an administrative charge with the EEOC, or corresponding state agency — in this case, the OHRC. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 633(b); *see also Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). The administrative scheme requires that a charge must be filed with the EEOC within 300 days of the complained-of conduct (in states, such as Oklahoma, where there is a state anti-discrimination law); otherwise, the plaintiff's claim is time barred. 42 U.S.C. § 2000e-5(e)(1); 29 C.F.R. § 1601.13. A plaintiff may not bring suit under Title VII or the ADEA based upon claims that were not part of a timely filed EEOC charge for which the plaintiff has received a right to sue letter. 42 U.S.C. § 2000e-5(b), (f)(1); 29 U.S.C. § 626(d).

Plaintiff's employment with Defendant ended on January 3, 2007.[2] Three hundred (300) days from January 3, 2007 is October 30, 2007. Plaintiff concedes that he did not file anything with the EEOC or OHRC until November 6 or 7, 2007 — more than 300 days after his employment had ended. Thus, pursuant to 42 U.S.C. § 2000e-5(b), (f) (1) and 29 U. S. C. § 626(d), Plaintiff's claims are time barred.

---

[2] Plaintiff also alleges that he was discriminated against on January 26, 2007 when Richard Harris made what Plaintiff claims he thought to be a false statement to the OESC, and that he was retaliated against on January 29, 2007 when Shon Harold refused to sign off on an original mileage reimbursement form that Plaintiff submitted and had him resubmit it on the proper form. However, not only do these incidents not rise to the level of an adverse employment action required for discrimination or retaliation under Title VII or the ADEA, but they are not protected by Title VII or the ADEA as Plaintiff was no longer an "employee." Title VII and the ADEA both protect **employees** from discrimination and retaliation by their employers. Thus, there must be an employer/employee relationship in order for there to be actionable discrimination or retaliation. "[T]he termination of employment puts at rest the employment discrimination because the discharged individual is no longer an employee." *Greene v. Carter Carburetor Co.*, 532 F.2d 125, 126 (8th Cir. 1976); *see also Velez v. QVC, Inc.*, 227 F. Supp. 2d 384, 396-97 (E.D. Pa. 2002). Plaintiff's employment with Defendant ended on January 3, 2007. Therefore, Plaintiff was required, as a condition precedent to filing a judicial complaint, to file a charge with the EEOC or OHRC within 300 days of January 3, 2007, since his last date of employment is the last day on which he could have suffered an adverse employment action.

Moreover, even assuming *arguendo* that Plaintiff timely filed the intake questionnaire with the EEOC, this intake questionnaire does not constitute a "charge." In order to constitute a "charge," it must include "the information required by the regulations, *i.e.*, an allegation and the name of the charged party," and it must also "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Federal Express Corp. v. Holowecki*, 128 S. Ct. 1147, 1157 (2008). Plaintiff's intake questionnaire and 48 additional pages that he submitted to the EEOC do not contain a "request for the agency to take remedial action." Plaintiff did not file a "charge" with the EEOC until he filed his Charge of Discrimination on December 31, 2007 — well after October 30, 2007.

Alternatively, Defendant argues that even had Plaintiff's intake questionnaire constituted a "charge" and been filed by October 30, 2007, he did not claim that he was discriminated against because of his age in the intake questionnaire. "When an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994)); *see also Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794 (10th Cir. 1997). Plaintiff's age discrimination claims are not "like or reasonably related" to his race discrimination claims, and, therefore, even had Plaintiff's intake questionnaire constituted a "charge" and been filed by October 30, 2007, Plaintiff's age discrimination claims would still be time barred.

Defendant also argues that even had Plaintiff's intake questionnaire constituted a "charge" and been filed by October 30, 2007, virtually all of Plaintiff's claims would still be time barred as they occurred early in his employment — as far back as May 14, 2004. Plaintiff's discrimination claims in this case, if true, are independent, discrete acts of discrimination. As such, any claims that occurred more than 300 days before the filing of a "charge" are not saved by the continuing violations doctrine. *National Railroad Passenger Corp. v. Morgan*, 122 S. Ct. 2061 (2002); *Holmes v. Utah*, 483 F.3d 1057 (10th Cir. 2007); *Brown v. Unified School Dist. 501*, 465 F.3d 1184, 1186-87 (10th Cir. 2006).

In addition, even assuming *arguendo* that Plaintiff timely filed an administrative charge, Plaintiff is unable to create even a question of fact, regarding whether he was subjected to race or age discrimination or retaliation in employment. To survive summary judgment on a race discrimination or retaliation claim under Title VII, a plaintiff must satisfy the *McDonnell Douglas* burden shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973); *see also Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177 (10th Cir. 2002). First, a plaintiff must establish a *prima facie* case of employment discrimination. *Id.* at 802. To establish a *prima facie* case of race discrimination, a plaintiff must show that (1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) the adverse employment action occurred under circumstances which give rise to an inference of discrimination. *Hysten*, 296 F.3d at 1181. To establish a *prima facie* case of retaliation, a plaintiff must show that (1) he engaged in protected opposition to discrimination; (2) a reasonable employee would have found the challenged action materially adverse — that is, that the action might dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection exists between the protected activity and the materially adverse action. *Argo v. Blue Cross & Blue*

*Shield of Kansas, Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2414-15 (2006)).

If a plaintiff establishes a *prima facie* case, a presumption of discrimination or retaliation arises, and defendant must then articulate a legitimate, nondiscriminatory reason for the employment decision. *McDonnell Douglas*, 411 U.S. at 803; *English v. Colorado Dep't of Corrections*, 248 F.3d 1002, 1009 (10th Cir. 2001). At this stage, defendant need not rebut evidence established under the first step; it must only rebut the inference that it acted out of discriminatory or retaliatory animus. *E.E.O.C. v. Flasher Co.*, 986 F.2d 1312, 1318 (10th Cir. 1992). Finally, the burden shifts back to plaintiff to show that defendant's stated nondiscriminatory reason is mere pretext for unlawful discrimination. *Rivera v. City & County of Denver*, 365 F.3d 912, 920 (10th Cir. 2004). The ultimate burden of proving discrimination and retaliation under Title VII remains at all time on plaintiff. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

In order to satisfy the requirement of an adverse employment action necessary for Plaintiff to establish a *prima facie* case, the conduct must "constitute[] a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 118 S. Ct. 2257, 2268 (1998); *see also EEOC v. PVNF*, 487 F.3d 790, 803 (10th Cir. 2007); *Sanchez v. Denver Public Sch.*, 164 F.3d 527, 532 (10th Cir. 1998). Even had Plaintiff's claims not been time barred, only Plaintiff's claim related to the ending of his employment on January 3, 2007 is sufficient to establish the adverse employment action requirement for a *prima facie* case of race discrimination.

However, Plaintiff still fails to create a question of fact, or establish a *prima facie* case that the ending of his employment on January 3, 2007 was discriminatory, as he cannot establish that it occurred under circumstances that give rise to an inference of discrimination. Plaintiff contends that he was discriminated against because other white employees were allegedly able to carry guns, break and enter houses, engage in extramarital affairs, and lie to the OESC without their employment being terminated, but Plaintiff does not provide any evidentiary support that these incidents occurred or, if they did, that Defendant's management knew about them. Further, Defendant does not contend that Plaintiff's employment was terminated because he carried a gun, broke and entered a house, engaged in an extramarital affair, or lied to the OESC. Rather, Defendant contends that Plaintiff's employment was terminated because he had attendance issues and continually failed to submit service reports to the courts in advance of hearings. In other words, Plaintiff's allegations are insufficient to create a question of fact regarding whether he can establish a *prima facie* case of race discrimination under Title VII. Defendant is, therefore, entitled to summary judgment on Plaintiff's Title VII race discrimination claim. *See Carney v. Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (quoting *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005)) (requiring evidence of disparate treatment among similarly situated employees for plaintiff to establish a *prima facie* discrimination claim).

Further, Plaintiff fails to create a question of fact as to whether he was retaliated against on January 29, 2007 when Shon Harold asked him to submit a mileage reimbursement claim on the proper form. First, Plaintiff was no longer an employee of Defendant on January 29, 2007, so he was no longer protected by Title VII. Second, because a request to submit a mileage reimbursement form is not a "materially adverse" action, it is insufficient to establish the second element of a prima facie case of retaliation. *See Burlington*, 126 S. Ct. at 2410-15 (holding that a

plaintiff must prove that the alleged retaliatory action would dissuade a reasonable employee from engaging in protected activity to establish the second element of a *prima facie* retaliation claim). Finally, since Plaintiff never engaged in any protected opposition to discrimination, he cannot establish the first element of a prima facie case of retaliation in connection with the mileage form reimbursement request. *See id*.

To survive summary judgment on an age discrimination claim under the ADEA, a plaintiff must establish that age was the "but-for" cause of the defendant employer's adverse action. *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009). The burden of persuasion does not shift to the defendant to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision. *Id.*

Plaintiff's age discrimination claims are based on the same unsupported allegations as his race discrimination claims — that other younger employees were not fired even though they were allegedly carrying a gun, breaking and entering, engaging in extramarital affairs, and lying to the OESC. At the time his employment ended, Plaintiff was 44 years old, and he has not provided any evidence that his employment would not have ended "but-for" his age. Plaintiff's allegations are therefore insufficient to establish that he was discriminated against because of his age in violation of the ADEA, and Defendant is entitled to summary judgment on Plaintiff's age discrimination claim.

### Conclusion

For the reasons stated above, Defendant Tulsa County Juvenile Bureau's Motion for Summary Judgment against Plaintiff Stephen Riley is hereby GRANTED.

James H. Payne
United States District Judge
Northern District of Oklahoma